United States Court of Appeals,

Fifth Circuit.

No. 95-10924

Summary Calendar.

Joseph George HARRIS, Plaintiff-Appellant,

v.

Royce RHODES, Maintenance Tarrant County Jail, Defendant-Appellee.

Sept. 11, 1996.

Appeal from United States District Court for the Northern District of Texas.

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:

Joseph Harris appeals the district court's judgment granting Royce Rhodes' motion for summary judgment. Harris argues that the district court erred in granting summary judgment for Rhodes, because the court failed to inform Harris, a pro se litigant, of the rules surrounding a motion for summary judgment, and failed to rule on his request for discovery which, if granted, would have shown that Rhodes exercised authority over Harris pursuant to the jail's policy. For the following reasons, we affirm the judgment of the district court.

FACTS

Proceeding pro se and *in forma pauperis,* inmate Joseph George Harris filed a civil rights complaint against a Tarrant County, Texas, maintenance worker at the county jail, Royce Rhodes, concerning an incident which occurred in February or March 1994 while Harris was incarcerated at the jail. In the verified complaint, Harris alleged that he, another trustee inmate, Rhodes, and another maintenance worker at the jail were joking together. Rhodes made a comment about Harris, Harris made a comment about Rhodes, Rhodes became angry, and he punched Harris in the nose.

The district court granted Rhodes' summary-judgment motion. The court noted that Harris failed to respond to the motion. The court concluded that the summary-judgment evidence indicated

1

that Harris' injury resulted from horseplay leading to an accident and that Harris did not voice impropriety about the incident until he had lost his trustee status. The court, then assuming that Rhodes' conduct was intentional, concluded that Harris had not shown Rhodes' conduct to be under color of state law, i.e., that Harris' "deprivation was caused by the exercise of some right of privilege created by the State or by a person for whom the State is responsible."

Final judgment was entered on September 10, 1995; however, the district court did not sign the judgment or order until September 11th. Harris' response to the summary-judgment motion was filed on September 11th, with certificate of service to the defendant dated September 6. Although Harris' response requested copies of the jail sign-out sheet to demonstrate that Rhodes had authority over Harris and was acting under color of state law when the assault occurred, no further action was taken by the district court.

## DISCUSSION

We review the granting of a motion for summary judgment de novo. *Hale v. Townley,* 45 F.3d 914, 917 (5th Cir.1995). After reviewing the record, we conclude that no genuine issue of material fact precluded summary judgment in this case. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); and FED.R.CIV.P. 56(c).

In granting summary judgment, the district court concluded that Harris did not satisfy his burden of showing "that [Rhodes] acted under color of state law in attacking [Harris]." The district court viewed the summary-judgment evidence as demonstrating horseplay between Harris and Rhodes which resulted in an accidental hit of Harris' nose while they were shadow boxing. We agree that Rhodes was not acting under color of state law when he hit Harris. This assessment mandates summary judgment.

We have previously explained that "individuals pursuing private aims and not acting by virtue of state authority are not acting under color of state law purely because they are state officers." *United States v. Tarpley,* 945 F.2d 806, 809 (5th Cir.1991). If a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal

2

aim, then he is not acting under color of state law. The material facts in the present case demonstrate that the altercation involved a purely private aim and no misuse of state authority; therefore, Rhodes was not acting under color of state law.

Rhodes' summary-judgment evidence and Harris' own statements demonstrate that the incident was horseplay:

> [We] were all sitting around the boiler room *joking.* Mr. Rhodes *in a joking manner* made a statement about me being a homosexual. Mr. Swanson asked Mr. Rhodes how much weight he had lost to which Mr. Rhodes replied about (40) forty lbs. *Continuing with the jockular [sic] mood of the moment,* I commented that he certainly hadn't lost any of his fat rear end. Upon my making this statement, Mr. Rhodes became very angry, turned very red in the face, then reached over and punched me in my face causing my nose to bleed very badly.

(Emphasis added.) It is apparent that the men were teasing each other regarding personal attributes. Rhodes reacted to the personal comment that Harris made about him. The discussion involved purely personal matters. Rhodes chose to resolve this personal dispute through personal means—punching Harris. Rhodes did not use or misuse the authority he possessed to sign out Harris for work details in order to accomplish the horseplay or to engage in the altercation.[1] We find that there is no a genuine issue of material fact remaining and that none can be created through further discovery.[2] Thus, the district court correctly granted the defendant's motion for summary judgment. *See Little,* 37 F.3d at 1075.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[1]Regardless of whether the punch was accidental or intentional, Rhodes was not acting under color of state law when engaging in this purely personal dispute. Consequently, Harris cannot satisfy the elements of this case by wrestling with the issue of Rhodes' intent.

[2]Even assuming that the sign-out sheets, which Harris wants to obtain through discovery, would show that maintenance personnel customarily signed out inmate trustees for work assignments, there would not be a genuine issue of a material fact concerning whether Rhodes was acting under authority of state law. Both the teasing and the punch were personal matters completely unrelated to Rhodes' authority granted by the state.