IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10585
Summary Calendar
_____


JACK HAMMOND CLAY, JR.;
CHRISTIAN CLAY; DANIELLE LICHTENSTERN,

                                        Plaintiffs-Appellants,

versus

JIM BOWLES, Sheriff of Dallas County;
DALLAS COUNTY, TX; KNIGHT #519, Dallas
Deputy Sheriff; J TEMPLE #538, Dallas
County Sheriff's employee; CURTIS KALOI #627,
Irving Police Officer; CITY OF IRVING;
IRVING INDEPENDENT SCHOOL DISTRICT; FISHER, Dr,
Irving Independent School District employee;
UNKNOWN OTHERS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-82-X
- - - - - - - - - -
January 19, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Plaintiffs appeal the summary judgments in favor of all

defendants and the dismissal of their 42 U.S.C. § 1983 claims

stemming from the search of Danielle Lichtenstern's person and

car by a school official and the subsequent arrest of Danielle

Lichtenstern at the residence she shared with her stepfather,

_____

     [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Jack Hammond Clay, Jr., and her mother, Christian Clay. Appellants argue that appellee Fisher's search of Lichtenstern's person and car was unconstitutional because Fisher lacked probable cause, thus the search was a violation of Lichtenstern's Fourth Amendment right to be secure from unreasonable search and seizure.

The Clays were not present during the search and their rights were not violated. Thus, the district court did not err in concluding that Jack Hammond Clay, Jr., and Christian Clay lacked standing to assert a Fourth Amendment claim for unlawful search and seizure as they failed to show that they suffered an actual or threatened injury as a result of the actions of the defendants. See Johnson v. Hosp. Corp. of America, 95 F.3d 383, 390 (5th Cir. 1996). Because Lichtenstern did not appeal the denial of her motion to suppress and pleaded nolo contendre to the charge for possession of marijuana, she waived her Fourth Amendment challenge to the search and seizure that resulted in discovery of the marijuana. See Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).** Moreover, any challenge to the validity of Lichtenstern's conviction is barred by Heck v. Humphrey, 512 U.S. 477 (1994). The district court did not err in dismissing Lichtenstern's challenge to the constitutionality of the search and seizure.

Appellants challenge the validity of the arrest on the basis that the warrant did not comply with Texas law. Although the

---

** See also, Carter v. Collins, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990)(a nolo contendere plea is treated as an admission of guilt, the same as a guilty plea).

allegedly defective warrant was executed at the Clays' home, they cannot show that they suffered an actual or threatened injury therefrom. They therefore have no standing to challenge the arrest of their daughter. See Johnson, 95 F.3d at 390.

To prevail on a claim of illegal arrest, Lichtenstern would have to prove that there was no probable cause to arrest her. Trejo v. Perez, 693 F.2d 482, 486 (5th Cir. 1982). The marijuana found in Lichtenstern's car provided the requisite probable cause. See Wells v. Bonner 45 F.3d 90, 95 (5th Cir. 1995); United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999), cert. denied, 121 S. Ct. 125 (2000). Plaintiffs do not argue otherwise. This claim is without merit.

Appellants argue that Dr. Fisher, Officer Kaloi, Deputy Knight, and Temple, were not following the established policy and customs of their employers, thus they are not entitled to "good faith" immunity. They also argue that Sheriff Bowles and the Dallas County Sheriff's Department have a policy and custom that allows the execution of invalid warrants, and that Deputy Knight and Temple were acting pursuant to that policy in accepting and executing the warrant for Lichtenstern's arrest. These arguments appear to be a challenge to a qualified immunity defense. However, the district court did not rely on immunity to dismiss plaintiffs' claims. This argument is therefore moot.

Appellants assert in their "Statement of Issues" and in their "[c]onclusion" that the district court erred in failing to instruct them to respond to all of the defendants' assertions of qualified immunity. However, plaintiffs have not briefed this

point of error.  It is therefore waived.  <u>See</u> <u>Al Ra'id v. Ingle</u>, 69 F.3d 28, 33 (5th Cir. 1995).

The district court did not err in finding that there were no genuine issues of material fact and that the defendants were entitled to judgment as a matter of law.  <u>See</u> <u>Harris v. Rhodes</u>, 94 F.3d 196, 197-98 (5th Cir. 1996).

AFFIRMED.