*860 PER CURIAM:
After being cut with a knife by a prison guard, Fred Townsend (“Townsend”), an inmate of the Texas Department of Criminal Justice (“TDCJ”), filed a § 1983 suit against a guard, a prison warden, and the executive director of the TDCJ.[1] The district court granted summary judgment to the defendants, and Townsend appeals. Because there is no genuine issue of material fact concerning whether the prison guard acted under color of state law, we AFFIRM.
FACTUAL AND PROCEDURAL BACKGROUND
Townsend was an inmate and a state-approved trustee and worked in the prison as a “kennelman” caring for the guards’ tracking dogs. Defendanh-Appellee Lieutenant Mark Hill (“Hill”) was in charge of the guards who supervised the inmates working in the field. According to Townsend, every time Hill and Townsend interacted, they played “come on,” and referred to each other as “my bitch” or “whore”.
On July 23, 1996, Hill and Townsend began to play “come on”. Townsend winked at Hill and said “I’ll be your bitch,” and then went into the kitchen to make a sandwich. Hill approached Townsend from behind with his pocketknife in hand, saying “I told you I was going to get you, whore.” Townsend jumped, reached behind him, and realized he had been cut or stabbed on his buttocks. Hill laughed at what had happened, and offered to take Townsend to the infirmary. Townsend declined to go to the infirmary, and instead applied “horse liniment” to himself. Townsend filed a complaint with Internal Affairs. Hill was eventually terminated from TDCJ for his actions. Although Townsend brought criminal charges for aggravated assault against Hill, they were dropped for insufficient evidence.[2]
On May 21, 1998, Townsend, proceeding pro se and in forma pauperis (“IFP”), filed a civil rights complaint under 42 U.S.C. § 1983 against Wayne Scott (“Scott”), executive director of the TDCJ — Institutional Division; David Moya (“Moya”), warden of the Hughes Unit; and Hill.
The defendants moved to dismiss. As Townsend’s claims against Moya and Scott were based solely on the doctrine of re-spondeat superior, and as such could not stand, the district court dismissed those claims, but allowed Townsend’s suit against Hill to proceed. Hill filed a motion for summary judgment, arguing that he was not acting under color of state law when he cut Townsend, and that he was only joking and engaging in “horseplay” with him. The district judge granted Hill’s motion, finding that Townsend and Hill were engaged in “horseplay” and that there was no evidence indicating that Hill had used or misused his authority to injure Townsend.
Townsend appealed and moved to proceed IFP on appeal. The district court denied Townsend’s motion after certifying that the appeal was not taken in good faith. Townsend moved to proceed IFP in this court, and we granted Townsend’s motion, finding that the appeal raised the *861 nonfrivolous issue whether the district court erred in concluding that there was no genuine issue of material fact concerning whether Hill acted under color of state law. Thus, it is that issue that is before us today.
In granting Townsend’s motion to proceed IFP, this court ordered the parties to address its decisions in Bennett v. Pippin, 74 F.3d 578 (5th Cir.1996), Doe v. Rams County Indep. Sch. Dist., 66 F.3d 1402 (5th Cir.1995), and Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443 (5th Cir.1994), which concerned, in part, the “color of state law” issue. Neither party has done so. Townsend has essentially submitted a verbatim copy of the brief filed in district court, and Hill has filed a pro se letter brief indicating that he considers this appeal to be frivolous.
DISCUSSION
The only issue before us is whether the district court erred in concluding that there was no genuine issue of material fact concerning whether Hill acted under color of state law. We review the district court’s grant of summary judgment de novo. Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir.1996). Summary judgment is appropriate only “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Moreover, the evidence must be considered in the light most favorable to the opposing party, who must be given the benefit of all inferences that might be reasonably drawn in his favor. W.H. Scott Constr. Co., Inc. v. City of Jackson, 199 F.3d 206, 211 (5th Cir.1999).
Section 1983 provides, in pertinent part, that “[ejvery person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected any person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....” 42 U.S.C. § 1983. In short, “[s]eetion 1983 provides a claim against anyone who, ‘under color of state law, deprives another of his or her constitutional rights.” Doe, 15 F.3d at 452.
“Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken ‘under color of state law.” United States v. Causey, 185 F.3d 407, 415 (5th Cir.1999). That is, a defendant acts under color of state law if he “misuses or abuses his official power” and if “there is a nexus between the victim, the improper conduct, and [the defendant’s] performance of official duties.” Id. “If, [however,] a state officer pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law.” Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir.1996).
The district court found that the incident between Hill and Townsend was “horseplay,” and, relying on Harris, concluded that Hill was pursuing a private aim and not acting by virtue of state authority. Dist. Ct. Op. at 3. The court concluded that because there was “nothing to indicate that Defendant in any other manner used or misused the authority he possessed in order to cause any injury to Plaintiff,” Hill’s action was not under color of state law. Id. at 3-4.
*862 We agree. There is no genuine issue of material fact concerning whether Hill’s actions were horseplay, and therefore not under color of state law. In Harris, an inmate filed a § 1983 claim against a maintenance worker at the jail where he was incarcerated, claiming his constitutional rights were violated when, while joking around together, the maintenance worker punched him. The inmate and maintenance worker had been teasing each other about physical attributes, which led to the physical reaction. The maintenance worker did not use his authority to sign out the inmate for work details in order to engage in the altercation. We affirmed the district court’s grant of summary judgment to the maintenance worker, concluding that his actions were not under color of state law, as they were mere horseplay, which involves a “purely private aim and no misuse of state authority,” and is therefore not action under color of state law. Harris, 94 F.3d at 197.
The same is true here. Neither party contests the district court’s factual finding that the parties were engaged in horseplay when the cut occurred. They were calling each other names, a “purely private aim,” and a physical reaction ensued. We accept the undisputed finding that this was a case of horseplay, and therefore affirm the grant of summary judgment.[3]
Our dissenting colleague Judge Dennis argues that the case at bar is distinguishable from Harris, because there the defendant did not clearly have direct authority over the plaintiff, unlike here. Moreover, there the defendant used a personal means (his fist) to resolve a dispute, whereas here, Hill resolved his problem with a knife he possessed by virtue of his position and authority.
With all respect, those distinctions do not negate the applicability of Harris to the situation before us today. The key inquiry in determining whether Hill acted under color of state law is whether Hill had a “purely private aim”. Whether using a fist or a knife, the answer remains that Hill and Townsend were joking about personal matters, as they often did, and that joking ended in a physical altercation. Moreover, that Hill had direct authority over Townsend does not imply that he exercised that authority during the altercation. The inquiry is not whether authority is possessed, but whether it is used or misused. Here, it was neither used nor misused, and therefore Hill did not act under color of state law.
The dissent analogizes this case to Bennett, Taylor, and Rains, arguing that there is a fact issue as to whether Hill abused his power as a prison guard to possess a knife and verbally abuse Townsend, which led to the stabbing. With all due respect, we find these cases inapposite, as none involves horseplay, which the district court found in a determination to which we must defer. These cases are further distinguishable on the facts.
In Bennett, a sheriff, shortly after questioning a woman about her involvement in a shooting, raped her. A panel of this court upheld the district court’s determination that this was action under color of state law. 74 F.3d at 589. The court relied on the facts that in response to the woman’s refusals to have sex, the sheriff *863 said “I can do what I want, I’m the Sheriff’; the sheriff used his authority to ascertain whether the woman’s husband would be home the night of the rape; and the woman needed the sheriffs permission to retrieve her truck and change her place of residence. Id. There was also evidence that when the woman protested having sex, the sheriff told her that he could have thrown her in jail, an explicit exercise of his authority in order to induce her to have sex with him. Id. at 583. The decision in Bennett relied on explicit invocations of authority made by the sheriff. Hill made no such invocation or exercise of authority here, and thus the reasoning in Bennett-does not extend to the case at bar.
We further find this case distinguishable from Taylor, which involved a § 1983 claim arising from a teacher’s sexual abuse of a student. The teacher required the student to do little classwork, rewarded her with high grades, and asked other teachers to raise her grades in inducing her to have a sexual relationship with him. 15 F.3d at 447-52. This court sitting en banc found that the teacher’s actions were under color of state law, because his inappropriate actions were clearly connected to his duties and obligations as a teacher. That is entirely unlike the case at bar, where Hill’s actions were purely personal and in no way related to his status as prison guard. Moreover, Hill never exercised any authority as a prison guard to cause the injury to Townsend.
Finally, the dissent misreads Rains as holding that a high school coach’s sexual abuse of a student was action under color of state law. In fact, a panel of this court held there that a teacher’s breach of her duty to report the coach’s sexual abuse was not action under color of state law, because the teacher did not have a duty to exercise authority in controlling the events that produced the injury. 66 F.3d at 1416. This does not support the dissent’s contention that Hill acted under color of state law.
CONCLUSION
Because we conclude that there is no genuine issue of material fact concerning whether Hill and Townsend were engaged in horseplay, and therefore Hill’s actions were not under color of state law, we AFFIRM.

. Townsend also filed criminal charges for aggravated assault in state court.

. The dissent accuses us of "misapprehending the relevant facts at issue”. We respectfully disagree, and consider the dissent’s rendition of the facts itself a mischaracterization.

. Following the dissent’s approach accurately and analyzing this case under Causey, rather than Harris, brings us to the same result. Causey requires a nexus between the victim, the conduct and performance of official duties. See 185 F.3d at 415. No such nexus exists here, where Hill was not performing official duties and was pursuing entirely personal aims. Hill not once exercised his authority in order to carry out his personal aims, and thus no nexus exists.