Richard RITZEL, Plaintiff–Appellant,

v.

MILWAUKEE COUNTY, et al., Defendants–Appellees.

No. 03–2062.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 27, 2004.

Decided June 23, 2004.

Larraine McNamara–McGraw, Milwaukee, WI, for Plaintiff–Appellant.

Mary Ellen Poulos, Office of the Corporation Counsel, Milwaukee, WI, for Defendants–Appellees.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

Richard Ritzel was an employee of the Milwaukee County Parks Department until interpersonal difficulties led him to take an early retirement from his post at Dretzka Park. Approximately one year after his retirement, Ritzel learned from an acquaintance about a bizarre display in the window of the Dretzka Park unit manager's office: a life-size torso-length image of Ritzel placed next to a similar image of "Twilight Zone" host Rod Serling. Ritzel was humiliated by the display, and he was particularly upset to discover it still in place nearly a year later. Ritzel sued Milwaukee County and several Park De- partment employees under 42 U.S.C. § 1983, claiming violation of his right to equal protection as a "class of one." The district court dismissed the claim on the defendants' motion for summary judgment, finding that although the display was "juvenile, mean-spirited, and insulting," it was not constitutionally prohibited.

The Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam), *aff'g* 160 F.3d 386 (7th Cir. 1998); *see also Bell v. Duperrault*, 367 F.3d 703 (7th Cir.2004); *Esmail v. Macrane*, 53 F.3d 176 (7th Cir.1995). We have emphasized that a complained-of governmental act must have been based on some sort of personal animus. "[T]he plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir.2000).

Ritzel argues that he has met these requirements. He maintains that the Rod Serling display was motivated entirely by personal feelings of vindictiveness toward him, and that there is no imaginable rational basis for its installation and year-long maintenance.

Whatever its motivation, however, that display differs significantly from the behavior at issue in other class-of-one cases, in which plaintiffs were denied licenses (*Esmail*), permits (*Bell*), and access to municipal services (*Olech*). In those cases, as the district court observed, "public officials were accused of using the pow-

er of their offices and the machinery of the state to withhold benefits normally afforded similarly situated citizens for no reason other than a desire to exact revenge against the plaintiffs." The installation of the window-display in this case does not represent the same kind of use of official power, and we question whether it was even done under color of state law, as required under § 1983. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1516—17 & n. 10 (7th Cir.1990) (not all actions by state employees are under color of state law); *see also Townsend v. Moya*, 291 F.3d 859, 862 (5th Cir.2002) (mere "horseplay" is not action under color of state law); *David v. City and County of Denver*, 101 F.3d 1344, 1353—54 (10th Cir.1996) (plaintiff has burden of showing a nexus between defendant's conduct and the defendant's state authority to show the action was taken under color of state law).

In any event, we do not see how this behavior—teasing, ultimately—could rise to the level of a constitutional violation. It is true, as Ritzel points out, that the equal protection clause (unlike the due process clause) does not require a showing of injury other than the denial of equal protection itself. *See Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir.1994). But a plaintiff must nevertheless allege something more than an expression of hostility to state a claim under the Constitution. *See id.* at 1221 (although "verbal abuse accompanied by a special administrative burden" gives rise an equal-protection claim, anti-Semitic remarks alone are insufficient); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1259 (7th Cir.1984) ("[D]erogatory references to racial or ethnic backgrounds by themselves obviously do not rise to the level of a constitutional violation."). The ridicule expressed through the window-display in this case is not enough.

Finally, we note that even in the context of a "class of one," a plaintiff claiming a denial of equal protection must identify similarly situated persons who were treated differently, *see Nevel v. Village of Schaumburg*, 297 F.3d 673, 681 (7th Cir. 2002), and Ritzel has not done so. The judgment of the district court is

AFFIRMED.