United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41319
Conference Calendar

_____

LOUIS A. OLIVAREZ,

                                        Plaintiff-Appellant,

versus

KIMBERLY KAY PETTER, Deputy/Jailer; MICHAEL
RATCLIFF, Sheriff; MICHAEL BUCHANIK,
Captain Deputy; DONNA ODEM-DOLLINS,
Fire Department Captain; VICTORIA
COUNTY TEXAS; CITY OF VICTORIA; VICTORIA
SHERIFFS OFFICE,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CV-57
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Louis Olivarez, Texas prisoner # 1148316, appeals from the

district court's dismissal of his prisoner civil rights

complaint pursuant to 42 U.S.C. § 1983 as frivolous.  See 28

U.S.C. § 1915(e)(2)(B)(i).  Olivarez argues that the district

court erred in dismissing his claims that rumors were

disseminated about his personal life, that he suffered

--------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination, and that two of the defendants were liable under respondeat superior.

We review the district court's dismissal of Olivarez's complaint as frivolous for an abuse of discretion. See Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002).

Olivarez's claim that Petter and Odem-Dollins disseminated rumors surrounding his personal life is not cognizable under § 1983, as these actions were in pursuit of private aims rather than in furtherance of state authority. See Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir. 1996). Similarly, Olivarez's claim that Petter denied him access to the sheriff's office in violation of the Equal Protection Clause is meritless because Petter's denial was the result of a personal dispute with Olivarez. See id.

Olivarez's claim that Petter committed perjury which resulted in his current incarceration for convictions of burglary of a habitation and aggravated assault is premature and not cognizable at this time under § 1983. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Finally, Olivarez's claim that Ratcliff and Buchanik are liable for Petter's actions solely due to their supervisory roles is not cognizable under § 1983. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Olivarez's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). As such, it is dismissed. See 5TH CIR. R. 42.2.

The district court's dismissal of Olivarez's claims pursuant to § 1915(e)(2)(B)(i) and the dismissal of the instant appeal as frivolous count as two strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Olivarez is cautioned that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.