# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2023

Lyle W. Cayce
Clerk

No. 22-20383
Summary Calendar

---

Randall Kallinen,

*Plaintiff—Appellant*,

*versus*

Judge Michael Newman,
In his individual capacity

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-652

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

This appeal arises from Randall Kallinen's ("Kallinen") suit against Judge Michael Newman ("Judge Newman") in his individual capacity for allegedly violating Kallinen's rights under the First Amendment. Because Kallinen failed to plead facts sufficient to survive a motion to dismiss, we AFFIRM.

No. 22-20383

## I.     Background

Kallinen is a Houston lawyer who has appeared before Judge Newman, a former probate judge, in Harris County.  It is undisputed that Judge Newman used his private Facebook account to support his campaign for reelection as well as share news about his personal and family life with the public.  Kallinen commented on three of Judge Newman's posts that related to his campaign for reelection.  The comments accused Judge Newman of having "court cronies" and doing "favors for them at the expense of other litigants." He also commented that he would not vote for Judge Newman and accused him of favoritism. Judge Newman deleted the comments and blocked Kallinen's account.

Kallinen sued Judge Newman under 42 U.S.C. § 1983 alleging that he violated his First Amendment rights.  The district court denied his motion to amend his complaint and granted Judge Newman's motion to dismiss under Rule 12(b)(6), holding that he failed to plead facts sufficient to show that Judge Newman acted under the color of state law as required by § 1983.  The district court further determined that even if Kallinen alleged that Judge Newman acted under the color of state law, the alleged facts showed that Judge Newman was entitled to qualified immunity "because there was no clearly established law that made the Facebook campaign page a government-created forum subject to First Amendment protection." *See Kallinen v. Judge Newman*, 2022 WL 2834756, at *13 (S.D. Tex. July 20, 2022).  Kallinen timely appealed.

## II.     Standard of Review

### A. Motion to Dismiss

This court reviews a district court's grant of a motion to dismiss de novo.  *Butts v. Aultman*, 953 F.3d 353, 357 (5th Cir. 2020).  To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as

2

true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Masel v. Villarreal*, 924 F.3d 734, 743 (5th Cir. 2019)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## B.  *Motion to Amend*

This court reviews the denial of a motion to amend for abuse of discretion. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016).  "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

## III.    Discussion

On appeal, Kallinen argues that the district court erred in dismissing his First Amendment claim under § 1983 and in denying his motion to amend his complaint.  We disagree.

## A.  *First Amendment*

To advance a successful claim under 42 U.S.C. § 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged violation was committed by a person acting under the color of state law." *Whitley v. Hanna*, 726. F.3d 631, 638 (5th Cir. 2013).  A defendant acts under color of state law when he "abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49–50 (1988).  Moreover, we have explained that "if . . . a state officer

No. 22-20383

pursues personal objectives without using or misusing the power granted to him by the state to achieve the personal aim, then he is not acting under color of state law." *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (internal quotation marks and citation omitted).

Kallinen argues that the way that Judge Newman used his Facebook account and the content that he posted made the webpage a medium for official government business. He maintains that the excerpts of Judge Newman's Facebook page demonstrate that the page was used as *both* "an organ of Judge Newman's official position and a means to advance his candidacy." He argues that when a "Facebook account's name includes the government official's title and the page carries a 'government official' label, the account [can] be deemed as bearing the trappings of office." *See Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158, 1171 (9th Cir. 2022)). In support of his contentions, he highlights that courts have considered "elements such [as] the style and contents of the cover pictures and inclusion of a flag, governmental logo, or tagline" to be indicative of an official government page. *Id.* (citing *Blackwell v. City of Inkster*, No. 21-10628, 2022 WL 989212, at *1, *11 (E.D. Mich. Mar. 31, 2022)). Thus, he concludes that Judge Newman was acting under the color of state law when he deleted Kallinen's commentary, effectively suppressing his speech in violation of the First Amendment.

District courts throughout this circuit and our sister circuits have directly addressed whether a public official using a social media account is acting under color of law. Indeed, in *Clark v. Kolkhorst*, a state senator's social media page highlighted meetings, events, and projects she participated in while in office. *Clark v. Kolkhorst*, WL 5783210, at *4 (W.D. Tex. Dec. 7, 2021). The district court there correctly held that although the defendant-official's posts documented activities that were unique to her position as a state senator, the "record indicated that these posts largely aimed to

4

promote [her] successes from a campaign perspective rather than serve as a 'tool of governance.'" *Id.* It concluded that the state senator did not use her page as "an important tool of governance." *Id.*

Likewise, in *Campbell v. Reisch*, the Eighth Circuit concluded that a "Missouri state senator did not act under color of state law when blocking a constituent from a Twitter page that she created to announce her candidacy for office." *Campbell v. Reisch*, 986 F.3d 822, 823 (8th Cir. 2021). That court determined that the senator, acting as a private individual, created the account before her election and then "used [the account] overwhelmingly for campaign purposes." *Id.* at 826. Though the Eighth Circuit did not outright define "overwhelming" in this context, we agree with its conclusion and reach a similar one here after examining Judge Newman's Facebook page.

While the alleged facts here suggest that Judge Newman often used his page as a campaign tool, they do not support a claim that Judge Newman used his official position to silence Kallinen's speech, or that Judge Newman's Facebook page was a function of his official duties. At best, Kallinen has alleged enough facts to conclude that Judge Newman used his Facebook page strategically to create a favorable impression in the minds of voters. *See generally Kolkhorst*, 2021 WL 5783210 at *4. Further, Kallinen does not allege facts demonstrating that Judge Newman used his power as a judge to delete Kallinen's comments. As the district court correctly pointed out:

> Judge Newman's Facebook campaign page was not operated as an official state website under Judge Newman's judicial authority. Judge Newman's official judicial authority was neither invoked nor implicated by his Facebook activity in general or as it concerned Mr. Kallinen. There is no allegation that Judge Newman retaliated against Mr. Kallinen's negative Facebook

comments by disfavoring Mr. Kallinen in litigation pending before Judge Newman's court.

*Kallinen*, 2022 WL 2834756, at *12. We agree with this reasoning and thus hold that Kallinen failed to state a § 1983 claim under the First Amendment against Judge Newman.

### B. *Amended Complaint*

"The Supreme Court has explicitly disapproved of denying leave to amend without *adequate* justification." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (emphasis added). Here, the district court provided reasoning for its denial of amendment. Kallinen moved for leave to file a second amended complaint to: (1) add allegations related to his continued inability to post on Judge Newman's Facebook page and request injunctive relief; (2) add a footnote that clarifies that Kallinen had provided a snapshot but not a full picture of Judge Newman's Facebook posts; and (3) allege that in the months leading up to the primary election, roughly 60% of Judge Newman's page was used for his campaign efforts, "official announcements and communication from his court, depictions of his official duties, and dispensation of public advise [sic] related to his official duties." *See Kallinen*, 2022 WL 2834756, at *12.

The district court held that these changes would not alter its analysis. It reasoned that even with the amendments, Kallinen would not meet his burden to sufficiently plead that "Judge Newman's Facebook campaign page was intertwined with, or furthered, his official duties as a Harris County probate judge." In any event, it concluded that Judge Newman would be entitled to qualified immunity for lack of a clearly established law that made his Facebook page a government-created forum subject to First Amendment protection.

Kallinen argues that qualified immunity is inapplicable in this case but if it were applicable, it should not be used to "permanently shield ongoing constitutional violations from judicial scrutiny." But Kallinen misrepresents the district court's holding. The way in which Kallinen seeks to amend his complaint would still not satisfy his burden of pleading facts sufficient to show that Judge Newman's page was an official page, and that Judge Newman was acting in his official capacity when he deleted Kallinen's comments. Indeed, Kallinen sought to allege more facts to show that Judge Newman used "about 60%" of his page for campaign activity and other activity that did not rise to the level of official government activity. We agree with the district court's holding that amending the complaint would have been futile. *See Brown v. Tarrant Cty., Tex.*, 985 F.3d 489, 498 (5th Cir. 2021) (holding that the proposed amendments would be futile because the plaintiff failed to explain how the amendment would defeat the defendant's qualified immunity claim); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962).

Because Judge Newman was not acting under the color of state law when he blocked Kallinen and deleted his comments, we hold that Kallinen has not met his burden under § 1983. We further hold that the way in which Kallinen sought to amend the complaint would not overcome its deficiencies. In light of these holdings, we need not reach the question of applicability of qualified immunity.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the district court's order granting Judge Newman's motion to dismiss and denial of leave to amend the complaint.