# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60587
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2023

Lyle W. Cayce
Clerk

Martha Dee,

> *Plaintiff—Appellee*,

*versus*

Donald Gater, *in his Individual and Official Capacity*,

> *Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-752

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant, Donald Gater, appeals the district court's order denying his motion for judgment on the pleadings, or in the alternative, motion for summary judgment based on qualified immunity. As set forth below, our jurisdiction over the denial of qualified immunity on summary judgment is limited. Because this appeal challenges the genuineness of a fact

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60587

issue, which we are prohibited from reviewing, we must DISMISS it for lack of jurisdiction.

## I.

Plaintiff-Appellee, Martha Dee, and Gater were both employed by the Jackson Police Department (JPD) in the Investigative Division. Gater was a Commander in the division, and Dee was a detective. Dee alleges that on April 2, 2019, she was in the JPD building assisting another detective with a homicide investigation. She further alleges that when she and the other detective were leaving to perform investigatory work, Gater approached them in the hallway. She contends Gater asked the other detective a question, but when the other detective did not answer, she responded instead. Gater then told Dee, "I was not talking to you." Dee explained that she responded to Gater's question because she knew the answer. Dee maintains that Gater then pulled out his loaded service revolver and pointed it directly at her forehead. Gater then returned the firearm to its holster and stated, "I'm sorry. I shouldn't have done that."

Gater denies he pointed his service revolver at Dee. He agrees that he approached the detectives, and that he spoke to them. Specifically, he contends that he talked to them about weapon retention and pulled out his firearm to demonstrate "firearm retention issues," but that he never pointed a firearm at Dee.

Dee thereafter filed suit against Gater, as well as against the City of Jackson and its police chief.[1] She alleged that Gater and the police chief were at all relevant times "acting under the color of state law." She asserted claims of sex discrimination in the workplace in violation of the Equal

---

[1] The City and the police chief were granted summary judgment dismissing Plaintiff's claims against them. Those claims are not at issue in this appeal.

No. 22-60587

Protection Clause and Title VII, disability discrimination in violation of the Americans with Disabilities Act, and unlawful seizure and excessive force under 42 U.S.C. § 1983.

Gater filed a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, or in the alternative, for summary judgment based on qualified immunity as to the § 1983 claims. Gater argued that Dee did not sufficiently plead any cognizable action against him, but just "threadbare allegations that Gater seized Dee when he pointed his service weapon at her." In the alternative, Gater asserted that he was entitled to qualified immunity because Dee testified that she was not under arrest at any point during the incident, and she described no injury from any alleged excessive use of force.

As the district court explained, because the parties presented evidence outside the pleadings, and that evidence was not excluded, the court was required to treat Gater's motion "as one for summary judgment under Rule 56."[2] The district court determined that a genuine dispute of material fact existed as to whether Dee was seized as contemplated by the Fourth Amendment. Specifically, the court determined that Dee's version of the facts supports that a jury could conclude a reasonable person felt seized, while Gater's version supports the opposite conclusion. The district court concluded: "A jury must weigh the evidence and credibility of the witnesses to determine whether qualified immunity applies." The district court also determined that based on the parties' differing accounts of the incident, a genuine dispute of material fact also existed as to Dee's excessive force claim. Based on these findings, the district court denied Gater's motion for

---

[2] *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

No. 22-60587

summary judgment based on qualified immunity. Gater filed a timely notice of appeal.

## II.

"The denial of a motion for summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine to the extent that it turns on an issue of law."[3]   "Where the district court determines that genuine issues of material fact preclude a determination of qualified immunity, we have jurisdiction only to address the legal question of whether the genuinely disputed factual issues are material for the purposes of summary judgment."[4]   "We have no jurisdiction to consider the correctness of the plaintiff's version of the facts and cannot review the district court's factual determination that a genuine factual dispute exists."[5]

As he did in the district court, Gater argues that he did not seize Dee, and that both parties testified that no arrest occurred. Gater further argues that because Dee was not seized, then no excessive force could have been used. However, as the district court noted, a seizure occurs when "a reasonable person would have believed that [she] was not free to leave."[6] We agree with the district court that in light of the parties' varying accounts, there is a genuine dispute whether a reasonable person would have believed she was free to leave. As noted above, we lack jurisdiction to consider Gater's

---

[3] *Ducksworth v. Landrum*, 62 F.4th 209, 212 (5th Cir. 2023) (internal quotation marks and citation omitted).

[4] *Id.* (citation omitted).

[5] *Id.* (citations omitted).

[6] *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980).

No. 22-60587

appeal of the genuineness of the district court's factual determinations.[7] Therefore, we must dismiss this appeal.

Citing to a case from the Seventh Circuit, Gater argues that "[t]his was an action between two co-workers. It was not an arrest or use of force situation." While our circuit has addressed similar arguments in the context of whether a law enforcement officer was "acting under color of state law" for purposes of § 1983,[8] we decline to address this issue for the first time on appeal.[9]

## III.

Based on the foregoing, we DISMISS this appeal for lack of jurisdiction.

---

[7] *Ducksworth*, 62 F.4th at 213.

[8] *See Townsend v. Moya*, 291 F.3d 859, 860 (5th Cir. 2002) (holding that a prison guard did not act under color of law when he stabbed an inmate during a game of horseplay unrelated to the guard's official duties).

[9] *See Frederking v. Cincinnati Ins. Co.*, 929 F.3d 195, 200 n.2 (5th Cir. 2019) ("The district court did not reach these issues. We decline to address them for the first time on appeal.").