# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

No. 23-30050
Summary Calendar

———————————

Iain Watt,

*Plaintiff—Appellant*,

*versus*

New Orleans City,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-3107

———————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This is a *Monell*[1] action brought by Officer Iain Watt of the New Orleans Police Department (NOPD) against the City of New Orleans to recover for injuries he allegedly sustained when a fellow police officer, Sergeant Charles Hoffacker, attacked him for not agreeing to assist him in removing trash from the police station. The district court granted the City's

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

No. 23-30050

Rule 12(b)(6) motion to dismiss on the grounds that Watt's allegations were insufficient to state a *Monell* claim against the City. We AFFIRM.

In his complaint, Watt alleged that his superior officer, Sergeant Jamie Roach, instructed him to transport her to Harrah's Casino to perform her payroll duties. At the same time, another sergeant, Sergeant Hoffacker, requested Watt's assistance in removing trash from the police station. Watt explained to Hoffacker that he was assigned to Roach and was about to drive her to Harrah's. Hoffacker was bothered by Watt's refusal to comply with his order and "levied loud verbal complaints" against Watt.

Watt drove Roach to Harrah's Casino. Hoffacker then telephoned Watt to ask where he was. After informing Hoffacker that he was at Harrah's, Hoffacker arrived shortly thereafter, approached the vehicle Roach and Watt were sitting in, and "asked [Watt] to step out of the vehicle." Hoffacker then "removed his radio and gun from his body and threw them into the police [vehicle]." After Watt exited the vehicle, Hoffacker shoved him in his chest, at which point Watt turned around to the vehicle and asked Roach, "Sarge, you seeing this?" When Watt turned back around, Hoffacker struck Watt in the face with a closed fist, causing Watt to fall to the pavement. Watt momentarily lost consciousness. Roach called for backup, and other officers from the Eighth District restrained Hoffacker, who was taken into custody. Watt was transferred to the hospital.

Watt subsequently filed suit against Hoffacker[2] and the City of New Orleans, asserting claims under 42 U.S.C. § 1983 and state law.[3] Watt's

---

[2] Watt asserted state-law claims against Hoffacker for assault, battery, and intentional infliction of emotional distress under Louisiana law.

[3] After determining that Watt failed to state a *Monell* claim, the district court declined to exercise supplemental jurisdiction over Watt's state-law claims against

No. 23-30050

complaint noted that sometime before this incident, Hoffacker had been placed on administrative desk duty without authority to operate a police vehicle or carry a firearm. His § 1983 claims were asserted against the City for municipal liability under *Monell* for "unconstitutional policies, customs, usages, practices, and procedures" and "excessive and unreasonable force."

The district court granted the City's Rule 12(b)(6) motion to dismiss for failure to state a claim based on the second element of a viable *Monell* claim, deliberate indifference.[4] Specifically, it determined that Watt failed to sufficiently plead facts indicating the City was "deliberately indifferent to the inadequacy of its policies" or facts indicating the City was deliberately indifferent because it "had notice of a pattern of similar use of 'unlawful and unreasonable force' by Hoffacker."

On appeal, Watt asserts that because Hoffacker was "on administrative desk duty" at the time of the incident, "it appears Defendant City was aware of potential issues with [his] mental faculties." Watt points out that "Hoffacker was instructed not to carry a firearm" and "to remain at the [station]." Watt contends that Hoffacker was not adequately supervised on the day of the incident and that because of his status on administrative desk duty, the City "had ample notice" that Hoffacker would be a "danger to himself and the public at large." Watt submits that "through Discovery,

---

Hoffacker and the City and dismissed those without prejudice. On appeal, Watt does not challenge the dismissal of his state-law claims.

[4] *See Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020) (setting forth three elements applicable to a *Monell* claim based on a failure to properly hire, train, supervise, or discipline: "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question" (quoting *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010)).

he will be able to show a pattern of behavior on the part of Defendant Hoffacker."

Watt misunderstands what is required to survive a Rule 12(b)(6) motion as to his *Monell* claim. Watt's pleadings had to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] The facts set forth in Watt's complaint do not state a plausible *Monell* claim, but only a speculative one. He provides no specific examples of past similar conduct by Hoffacker. Moreover, as the district court noted, the fact that Hoffacker was assigned to administrative desk duty and prohibited from driving a police vehicle or carrying a weapon demonstrates that the City was *not* deliberately indifferent to whatever infraction Hoffacker previously committed, but instead took disciplinary action and reprimanded him.

Watt blames his failure to plead a plausible claim on the district court's alleged refusal to allow him an opportunity to conduct discovery and amend his complaint. But, as the Supreme Court has explained, Watt was required to allege facts beyond "mere possibility."[6] And, we cannot allow Watt "to embark on an unjustified fishing expedition against the . . . City to discover facts that might have justified proceeding beyond the Rule 12(b)(6) state if they had been alleged at the outset."[7]

Finally, although noted by the district court but not stated as a basis for its dismissal, Watt's *Monell* claim also fails because there was no

---

[5] *Id.* at 284-85 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).

[7] *Clark v. Thompson*, 850 F. App'x 203, 213 (5th Cir. 2021) (per curiam) (unpublished). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 23-30050

underlying constitutional violation.[8]  Hoffacker was not "acting under color of law" when he attacked Watt.[9]  As noted by the district court, Hoffacker was acting pursuant to his own private aim of retribution against Watt for declining to assist him on the day of the incident.  Hoffacker was not acting as a law enforcement officer—he even threw his gun and radio into the police vehicle before attacking Watt.  Because Hoffacker was not acting "under color of law," Watt has no § 1983 claim and consequently no *Monell* claim.

The district court correctly granted the City's 12(b)(6) motion.  We AFFIRM the district court's judgment.

_____

[8] *See Hicks-Fields v. Harris Cnty., Tex.,* 860 F.3d 803, 808 (5th Cir. 2017) (noting that "every *Monell* claim requires an underlying constitutional violation" (internal quotation marks and citation omitted)).

[9] *See Townsend v. Moya*, 291 F.3d 859, 860 (5th Cir. 2002) (holding that a prison guard did not act under color of law when he stabbed an inmate during a game of horseplay unrelated to the guard's official duties).