# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40877
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALANIZ-ALLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2019

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Alaniz-Allen (Alaniz) appeals the 225-month sentence imposed on his guilty plea conviction for receiving child pornography. *See* 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), 2256. He contends that the district court erred by enhancing his base offense level by five levels under U.S.S.G. § 2G2.2(b)(3)(B) and by imposing written special conditions of supervised release that are more onerous than those pronounced orally at sentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40877

We conclude that the district court did not err in applying a five-level enhancement under § 2G2.2(b)(3)(B).  *See United States v. Rodriguez-Mesa*, 443 F.3d 397, 401 (5th Cir. 2006).  Although Alaniz contends that he did not knowingly barter in pornographic images, we have upheld § 2G2.2(b)(3)(B) enhancements in cases presenting facts similar to those in the instant case. *See United States v. Desadier*, 495 F. App'x 501, 503 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1649 (2013); *United States v. Flores*, 540 F. App'x 405, 405 (5th Cir. 2013); *United States v. Onken*, 440 F. App'x 304, 305 (5th Cir. 2011); *United States v. Moore*, 328 F. App'x 308, 309 (5th Cir. 2009).  In those cases, we held that defendants who, like Alaniz, shared child pornography on peer-to-peer networks properly received § 2G2.2(b)(3)(B) enhancements because their actions evidenced an interest in sharing and receiving child pornography. While those cases do not bind us, we are persuaded by their reasoning.  *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); *see also United States v. Richardson,* 713 F.3d 232, 233-34 (5th Cir. 2013) (holding that peer-to-peer file-sharing programs "incentivize the sharing of files").

Alaniz is correct, however, in his contention that the district court abused its discretion when it broadened special conditions of supervised release.  *See Koon v. United States*, 518 U.S. 81, 100 (1996); *United States v. Bigelow*, 462 F.3d 378, 381-83 (5th Cir. 2006).  The district court broadened the orally pronounced special condition of no dating or cohabitation with minors to a condition of no dating or cohabitation with anyone who has minor children.  Additionally, the district court broadened the orally pronounced special condition of no possession of nude or sexually suggestive photographs of children to a condition of no possession of all sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services, together with a prohibition against

2

frequenting any place where such material or entertainment is the primary source of business. In doing so, the district court impermissibly modified the special conditions, thereby creating a conflict between the oral pronouncements and the written judgment. *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). Consequently, we order a limited remand and instruct the district court to modify, in a manner consistent with this opinion, the special conditions in the written judgment in order to have them conform to the special conditions pronounced orally at sentencing.

CONVICTION AFFIRMED; SENTENCE VACATED IN PART; REMANDED WITH INSTRUCTIONS.