# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50105
Cons. w/ 16-50110

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARISOL FLORES,

      Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:15-CR-315 & 2:15-CR-316

Before KING, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

      Defendant–Appellant Marisol Flores appeals the special condition of her supervised release, arguing that the condition as it appears in the district court's written judgment conflicts with that in its oral pronouncement, and thus must be amended to conform to the pronouncement. Because the written judgment broadened the restrictions of the oral pronouncement by making the

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50105 c/w No. 16-50110

special condition mandatory rather than conditional, we VACATE the special condition in the written judgment and REMAND the case with instructions to the district court to conform the written judgment to its oral pronouncement.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2015, following *nolo contendere* pleas, Defendant–Appellant Marisol Flores was convicted in two separate cases for (1) criminal damage to property[1] and (2) assaulting, resisting, or impeding certain officers or employees.[2]  Flores was sentenced in federal district court in Kansas[3] to two concurrent one-year probation terms, during which she was required to comply with various conditions of supervision.  Later that month, the case was transferred to federal district court in Texas because Flores had since moved from Kansas to Texas.

In November 2015, Flores's probation officer filed petitions alleging that Flores had violated several conditions of her probation and recommending that Flores's probation be revoked.  On January 20, 2016, the district court held a hearing on the petitions, at the conclusion of which it found that Flores had violated her probation. Accordingly, the district court revoked her probation and resentenced her to consecutive terms of 180 days' imprisonment and 9 months' imprisonment.  The district court also imposed a one-year term of supervised release following Flores's prison terms.[4]  In addition to the standard conditions of supervised release adopted by a standing order of the U.S.

---

[1] *See* 18 U.S.C. § 13; Kan. Stat. Ann. § 21-5813.  Because the damage involved less than $1,000, this is a Class B misdemeanor.

[2] *See* 18. U.S.C. § 111(a)(1).  Because her conviction involved simple battery, this is a Class A misdemeanor.  18 U.S.C. § 3559(a)(6).

[3] Flores was convicted in federal court because the charged conduct took place on a federal military base.

[4] This supervised release was exclusively in relation to Flores's Class A misdemeanor conviction.

2

No. 16-50105 c/w No. 16-50110

District Court for the Western District of Texas,[5] the district court also imposed a special condition on Flores's supervised release:

> Now, I'm showing that you don't have a place to live when you get out of these sentences.  If that's the case, if we do not have an approved place for you to live, Ms. Flores, then the first six months of your term of supervision you will reside in a residential reentry center for a period of those six months, and you shall observe the rules of that facility.  Further, once employed, you shall pay 20–25 percent of your weekly gross income for your subsistence, as long as that amount does not exceed the daily contract rate.[6]

Flores did not object to this condition at sentencing.  A few days later, the district court issued its written judgment, which mirrored its oral pronouncement at the hearing except in one respect.  With regard to the special condition of supervision, the district court's written order provided: "[Flores] shall reside in a Residential Reentry Center for a period of **six (6) months** and shall observe the rules of that facility."  Flores timely appealed.

## II.  STANDARD OF REVIEW

Normally, when an issue is raised for the first time on appeal, we review it for plain error.  *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).  However, when a special condition of supervised release in the written judgment is alleged to conflict with that in the oral sentence, the defendant "had no opportunity at sentencing to consider, comment on, or object to the special condition[]."  *Id.*  Accordingly, we review the district court's imposition of that special condition for abuse of discretion.  *Id.*  A district court abuses its discretion in imposing a special condition of supervised release if the condition

---

[5] *See* Conditions of Probation and Supervised Release (W.D. Tex. July 18, 2011), http://www.txwp.uscourts.gov/USPO/Supervision%20Documents/Order%20-%20Conditions %20of%20Probation%20and%20SR%202011.pdf.

[6] The U.S. Sentencing Guidelines provide that "on a case-by-case basis . . . [r]esidence in a community treatment center, halfway house or similar facility may be imposed as a condition of supervised release."  U.S.S.G. § 5D1.3(e)(1).

in its written judgment conflicts with the condition as stated during its oral pronouncement. *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam). This is because "a defendant has a constitutional right to be present at sentencing." *Id.* This right is rooted in the Confrontation Clause of the Sixth Amendment, but is also protected by the Due Process Clause of the Fifth Amendment when "the defendant is not actually confronting witnesses or evidence against him." *Bigelow*, 462 F.3d at 381 (quoting *United States v. Gagnon*, 470 U.S. 522, 526 (1985)); *see also* Fed. R. Crim. P. 43(a)(3) ("[T]he defendant must be present at . . . sentencing."). If a special condition[7] appears in a written judgment but was not included in the oral pronouncement at the sentencing hearing, or conflicts with that in the oral pronouncement, the defendant is deprived of her "constitutional right to be *effectively present* because [s]he did not receive sufficient notice that th[is] . . . special condition[] would be imposed in the written judgment." *Bigelow*, 462 F.3d at 382. This lack of notice deprives the defendant of the ability to "object or provide evidence why those conditions were not warranted." *Id.* (citing *Gagnon*, 470 U.S. at 526). "Therefore, if the written judgment conflicts with the sentence pronounced at sentencing, that pronouncement controls." *Id.* (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam)). In the event of such a conflict, we vacate the conflicting condition contained in the written

---

[7] This rule does not apply to "mandatory, standard, or recommended" conditions of supervised release. *United States v. Torres–Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003) (per curiam). The presence of such conditions in the written judgment but not the oral pronouncement does not create a conflict. *Id.* However, residence in a reentry center is not a mandatory or recommended condition of supervised release. *See* 18 U.S.C. § 3583(d); U.S.S.G § 5D1.3(c). Nor is it one of the standard conditions contained in the standing order of the District Court for the Western District of Texas. *See* Conditions of Probation and Supervised Release, *supra*, at 2–4. Rather, both the standing order and the Sentencing Guidelines explicitly identify "Community Confinement" (*i.e.*, residence in a reentry center) as a special condition. *Id.* at 4; U.S.S.G. § 5D1.3(e)(1). Both parties agree that the condition at issue here was not such a "mandatory, standard, or recommended" condition but rather a special condition.

judgment and remand the case with instructions that the district court conform the written judgment to the oral pronouncement. *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *Bigelow*, 462 F.3d at 384. If, however, we determine that the discrepancy between the two is merely an ambiguity, we examine the entire record to determine the sentencing court's intent in imposing the condition. *See United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002).

### III.  CONFLICT OR AMBIGUITY?

Flores argues that the discrepancy in the special condition between the oral pronouncement and the written judgment is a conflict rather than a mere ambiguity, and thus the written judgment should be amended to conform to the oral pronouncement. We agree.

In addressing discrepancies between the oral pronouncement and the written judgment, "[t]he key determination is whether the discrepancy between the [two] is a conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). The crucial factor upon which we have relied in differentiating between a conflict and an ambiguity is whether the written judgment "broadens the restrictions or requirements of supervised release," *id.*, or "impos[es] a more burdensome requirement" than that of the oral pronouncement, *Bigelow*, 462 F.3d at 383. If so, we have repeatedly found a conflict, rather than a mere ambiguity, between the oral pronouncement and the written judgment. *See United States v. Alainz–Allen*, 579 F. App'x 255, 256 (5th Cir. 2014) (per curiam) (finding conflict where oral pronouncement prohibited defendant from dating or cohabitating with minors and from possessing explicit photos of children while written judgment prohibited dating or cohabitating with anyone with minor children and from possessing any explicit materials in any medium); *United States v. Tang*, 718 F.3d 476, 487

No. 16-50105 c/w No. 16-50110

(5th Cir. 2013) (per curiam) (finding conflict where oral pronouncement prohibited defendant from cohabitating with anyone with children under the age of 18 while written judgment prohibited both cohabitation with or dating such an individual); *Mudd*, 685 F.3d at 480 (finding conflict where oral pronouncement merely "recommended . . . treatment instead of testing" while written judgment required defendant to submit to testing); *Bigelow*, 462 F.3d at 383–84 (finding conflict where oral pronouncement required defendant to merely notify his probation officer before obtaining any form of identification while the written judgment required the defendant to obtain prior approval before doing so); *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (per curiam) (finding conflict where oral pronouncement required defendant to perform 120 hours of community service within the first year of supervised release while written judgment required 125 hours within two years); *United States v. Ramos*, 33 F. App'x 704, at *3–4 (5th Cir. 2002) (per curiam) (finding conflict where oral pronouncement required substance abuse treatment while written judgment required substance abuse treatment and testing).

Similarly, the district court's written judgment here "broadens the restrictions or requirements of [Flores's] supervised release," *Mireles*, 471 F.3d at 558, and "impos[es] a more burdensome requirement" on Flores than the oral pronouncement, *Bigelow*, 462 F.3d at 383, by eliminating her ability to live in approved housing of her choosing. When a right is acknowledged in the oral pronouncement but extinguished in the written judgment, the two conflict because the written judgment is more burdensome than the oral pronouncement. See *Mudd*, 685 F.3d at 480; *Bigelow*, 462 F.3d at 383–84. Here the district court's oral pronouncement stated that Flores would be afforded the ability to live in an approved place of her choosing upon her release, but the written judgment extinguished this possibility. Flores had the right to find an approved place to live under the terms of the oral

pronouncement but lost that right under the terms of the written judgment. Therefore the two conflict and the oral pronouncement controls. Because we conclude that this discrepancy is a conflict rather than a mere ambiguity, the Government's argument that we must examine the record to discern the district court's intent is inapposite. *See Warden*, 291 F.3d at 365.

We disagree with the Government's position that the special condition as articulated in the district court's oral pronouncement need not be interpreted as conditional. The Government argues that the word "if" in the district court's oral pronouncement need not imply a conditional statement but rather can be used to mean "given that" or "because." The Government cites no support for its interpretation and, furthermore, this interpretation defies common grammatical usage. Grammatically, "if" is widely understood to introduce a conditional clause, which is a clause that "state[s] a condition or action necessary for the truth or occurrence of the main statement of a sentence." PORTER G. PERRIN, WRITER'S GUIDE AND INDEX TO ENGLISH 500 (rev. ed. 1950); *see Condition*, BLACK'S LAW DICTIONARY (10th ed. 2014) (using the word "if" to describe examples of conditions); BRYAN A. GARNER, GARNER'S MODERN AMERICAN USAGE 436 (3d ed. 2009) ("Use *if* for a conditional idea . . . ."); *id.* at 916 (using "if" in its example of a conditional sentence); PERRIN, *supra*, at 601 ("*If* is a subordinating conjunction introducing a condition . . . ."). So too should it be understood in the district court's oral pronouncement.

## IV.  CONCLUSION

For the foregoing reasons, we VACATE the special condition in the written judgment and REMAND the case with instructions to the district court to conform the written judgment to its oral pronouncement.[8]

---

[8] In view of the fact that Flores's release date—December 17, 2016—is imminent, the district court may decide, after proper notice to the parties, to determine whether Flores has an approved place to live upon her release.