# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2022

Lyle W. Cayce
Clerk

No. 21-50536
Consolidated with
No. 21-50546

United States of America,

*Plaintiff—Appellee*,

*versus*

Cornelio Pinon-Saldana,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-580
USDC No. 4:18-CR-476

Before Clement, Graves, and Costa, *Circuit Judges*.
Edith Brown Clement, *Circuit Judge*:

This appeal begins and ends with *United States v. Mejia-Banegas*, 32 F.4th 450 (5th Cir. 2022) (per curiam). Before we get there, let's review the background here.

Cornelio Pinon-Saldana pleaded guilty to illegally reentering the United States post-removal in violation of 8 U.S.C. § 1326(a). He was sentenced to twenty-one months of imprisonment and one year of supervised

No. 21-50536
c/w No. 21-50546

release.  During his sentencing hearing, the district court stated that it was imposing the "standard and mandatory conditions of supervision."  Pinon-Saldana did not object.  The written judgment included the standard risk-notification condition contained in U.S.S.G. § 5D1.3(c)(12).  Pinon-Saldana subsequently appealed the imposition of this condition, claiming that the district court plainly erred by impermissibly delegating its judicial authority to a probation officer.[1]

So, what about *Mejia-Banegas*?  In that case, the court unequivocally held that the same "risk-notification condition does not impermissibly delegate the court's judicial authority to the probation officer."  32 F.4th at 452.  *Mejia-Banegas*, then, is the end of the road here.

The dissent walks a different road.  According to the dissent, before we could address whether the risk-notification condition impermissibly delegates authority, we must first answer whether the pronouncement at Pinon-Saldana's sentencing matches the written judgment.  *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir. 2020) (en banc).  The dissent believes it does not, and so says we must remand for the district court to fix the discrepancy.

But the dissent hits two roadblocks.  *First*, nowhere did Pinon-Saldana ask the question the dissent answers.  We generally do not address issues an appellant did not raise.  *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived." (citation omitted)); *Johnson v. Sawyer*, 120 F.3d 1307, 1315 (5th Cir. 1997) ("We have held repeatedly that we will not consider issues not

---

[1] Pinon-Saldana also appealed a revocation order in a separate matter, 21-50536. Although the revocation appeal was consolidated with the present criminal appeal, Pinon-Saldana failed to brief the revocation matter.  Any challenge to the revocation matter has been waived.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

briefed by the parties." (citations omitted)).  That remains true even when the issue concerns a potential constitutional deficiency. *See, e.g.*, *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (holding as waived a claim of ineffective assistance of counsel because it was not properly briefed by the appellant).  Pinon-Saldana did not challenge the inconsistency of his conditions, and we will not do it for him.

*Second*, while any inconsistency affects whether Pinon-Saldana could object to the condition at his sentencing, and thus affects the standard of review we would apply in reviewing an objection now, *see United States v. Rivas-Estrada*, 906 F.3d 346, 348–49 (5th Cir. 2018), Pinon-Saldana's objection here fails under *any* standard of review.  *Mejia-Banegas* makes clear that imposing a risk-notification condition is not improper delegation. 32 F.4th at 451 ("We conclude that the district court committed *no error, plain or otherwise*, by imposing the risk-notification condition." (emphasis added)); *see also id.* at 452 ("Thus, the district court *did not err, much less plainly so*, by imposing the risk-notification condition." (emphasis added)).[2]

*Mejia-Banegas* conclusively resolves Pinon-Saldana's appeal: The risk-notification condition is not an impermissible delegation of judicial authority. *Id.* at 451.  Indeed, since *Mejia-Banegas* issued, we have granted unopposed motions for summary affirmance to uphold district court's imposition of the same risk-notification condition. *See United States v.*

---

[2] The breadth of this pronouncement prompted Judge King's concurrence—and indicates that the panel read *Mejia-Banegas* the way we read it here.  Judge King wished to avoid the merits and limit the opinion to a plain error analysis, 32 F.4th at 453, but the panel majority ruled *on the merits anyway*.  Because she would have waited "for another day" and "a different vessel" that provided for de novo review to reach the merits, she only concurred in judgment. *Id.*

No. 21-50536
c/w No. 21-50546

*Manriquez-Nunez*, 2022 WL 2256766 (5th Cir. June 23, 2022); *United States v. Aguilar*, 2022 WL 1978698 (5th Cir. June 6, 2022).

\*       \*       \*

AFFIRMED.

No. 21-50536
c/w No. 21-50546

James E. Graves, Jr., *Circuit Judge*, dissenting:

My distinguished colleagues rest their opinion on *United States v. Mejia-Banegas*, which they read to affirmatively foreclose the issue of whether the district court may delegate the risk-notification condition to a probation officer. But, before reaching the delegation argument, we must first ensure that what was pronounced at Cornelio Pinon-Saldana's sentencing matches the written judgment.[1] It does not. For that reason, I would vacate and remand to the district court to conform the written judgment to its oral pronouncement. I respectfully dissent.

The district court has a constitutional obligation to orally pronounce a defendant's sentence. *United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) (per curiam). This requirement is "grounded in the defendant's right to be present at sentencing, which in turn is derived from the Fifth Amendment's Due Process Clause." *Id.* (citing *United States v. Gagnon*, 470 U.S. 522, 526 (1985)). The oral pronouncement requirement applies to all non-mandatory conditions of supervised release. *Id.*

---

[1] Although Pinon-Saldana does not explicitly raise a pronouncement challenge to the imposition of the risk-notification condition, I nonetheless find it necessary to address pronouncement because a district court's imposition of a condition that it failed to orally pronounce would be a miscarriage of justice. *See, e.g., Silber v. United States*, 370 U.S. 717, 718 (1962) (recognizing that, "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings" (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936))); *United States v. Pineda–Ortuno*, 952 F.2d 98, 105 (5th Cir. 1992) ("Where plain error is apparent, the issue may be raised *sua sponte* by this court even though it is not assigned or specified."); *United States v. Montemayor*, 703 F.2d 109, 114 n. 7 (5th Cir. 1983) ("An appellate court will not consider *sua sponte* an argument not raised in the court below or urged by the litigants except to prevent a miscarriage of justice.").

However, the district court need not recite each condition verbatim to satisfy this requirement. *United States v. Diggles,* 957 F.3d 551, 561 (5th Cir. 2020) (en banc). Instead, it may orally adopt a document that lists the proposed conditions, so long as "the defendant had an opportunity to review it with counsel" and the district court's oral adoption is made "when the defendant is in court." *Id.* at 561 n.5. And, importantly, "[r]egardless of the type of document, the court *must* ensure" that the defendant reviewed *each* document with his attorney. *Id.* (emphasis added). The "mere existence" of a document in the record does not satisfy pronouncement requirements. *Id.*

Pinon-Saldana's written judgment contains seventeen standard conditions. He only challenges Condition 12 which is the risk-notification condition. Because this condition is not mandatory under 18 U.S.C. § 3583(d), it must be orally pronounced.

During the brief four-minute sentencing, the district court asked Pinon-Saldana if he and his attorney had reviewed the Presentence Investigation Report (PSR). Both replied affirmatively. However, the risk-notification condition did not appear in the PSR, but instead appeared in a separate document titled "Sentencing Recommendation."[2] The district court never asked Pinon-Saldana or his attorney if they had also reviewed the Sentencing Recommendation or had any objections to it. Nor did the district court orally adopt the Sentencing Recommendation. As our en banc court has stated, the district court must ensure that, "*[r]egardless of the type of document*

---

[2] This case is distinguishable from *Omigie*, where "[t]he PSR and sentencing recommendation were filed into the record under the same document number, indicating that defense counsel likely received the recommendation along with the PSR." *See* 977 F.3d at 407 n.47 (the docket reveals that the PSR and sentencing recommendation were uploaded as a single PDF). Here, the Sentencing Recommendation and the PSR were filed as two separate documents—one of which the district court never referenced in the sentencing. The docket also includes a notation that "Document available to court only."

. . . the defendant had an opportunity to review it with counsel." *Diggles,* 957 F.3d at 561 n.5 (emphasis added). And, although the district court stated at sentencing that it was imposing the standard and mandatory conditions of release, it did not specifically reference the court's standing order nor did it provide Pinon-Saldana with an opportunity to object.

The district court also did not cite Condition 12 verbatim nor did it reference or orally adopt a document that contained the condition. The only document referenced during Pinon-Saldana's sentencing made absolutely no mention of Condition 12. Thus, the district court failed to orally pronounce it. Yet, the district court included Condition 12 in the written judgment, creating a discrepancy between the pronouncement and the written judgment. When a defendant "had no opportunity at sentencing to consider, comment on, or object to the special condition," we review the district court's inclusion of that special condition for abuse of discretion. *United States v. Bigelow,* 462 F.3d 378, 381 (5th Cir. 2006). A district court necessarily abuses its discretion in imposing a special condition of supervised release if the condition in its written judgment conflicts with the condition as stated during its oral pronouncement. *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam).

This court has routinely dealt with discrepancies between oral pronouncements and written judgments. We must first determine whether the discrepancy here is an ambiguity or a conflict. *United States v. Torres-Aguilar*, 352 F.3d 934, 935-36 (5th Cir. 2003). The "crucial factor" that indicates a conflict exists is where the written judgment "broadens the restrictions or requirements of supervised release" or "impos[es] a more burdensome requirement" than the oral pronouncement. *United States v. Flores*, 664 F. App'x 395, 398 (5th Cir. 2016) (quoting *United States v. Mireles,* 471 F.3d 551, 558 (5th Cir. 2006); *Bigelow,* 462 F.3d at 383). In sum, if

additional burdens are imposed in the written judgment, existing rights are extinguished, and a conflict exists.

We have approached this inquiry with surgical precision—a conflict, even slight, is sufficient to vacate a written judgment and order the district court to conform it to the oral pronouncement. *See Flores*, 664 F. App'x at 398 (collecting cases: *United States v. Alaniz–Allen*, 579 F. App'x. 255, 256 (5th Cir. 2014) (per curiam) (finding conflict where oral pronouncement prohibited defendant from dating or cohabitating with minors and from possessing explicit photos of children while written judgment prohibited dating or cohabitating with anyone with minor children and from possessing any explicit materials in any medium); *United States v. Tang*, 718 F.3d 476, 487 (5th Cir. 2013) (per curiam) (finding conflict where oral pronouncement prohibited defendant from cohabitating with anyone with children under the age of 18 while written judgment prohibited both cohabitation with or dating such an individual); *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012) (finding conflict where oral pronouncement merely "recommended . . . treatment instead of testing" while written judgment required defendant to submit to testing); *Bigelow*, 462 F.3d at 383–84 (finding conflict where oral pronouncement required defendant to merely notify his probation officer before obtaining any form of identification while the written judgment required the defendant to obtain prior approval before doing so); *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003) (per curiam) (finding conflict where oral pronouncement required defendant to perform 120 hours of community service within the first year of supervised release while written judgment required 125 hours within two years); *United States v. Ramos*, 33 F. App'x. 704, at *3–4 (5th Cir. 2002) (per curiam) (finding conflict where oral pronouncement required substance abuse treatment while written judgment required substance abuse treatment and testing)).

Turning to the facts of this case. Condition 12 of the judgment states:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

This condition "broadens the restrictions" of Pinon-Saldana's supervised release by mandating that he notify others should his probation officer determine he is a risk to them. *Mireles*, 471 F.3d at 558. It also "impos[es] a more burdensome requirement" on Pinon-Saldana because the probation officer may follow up with these individuals to confirm that Pinon-Saldana did notify them—and if not, he will have violated a condition of his supervised release. *Bigelow*, 462 F.3d at 383. At its core, Condition 12 imposes additional burdens on Pinon-Saldana's interactions with others. These facts highlight that a conflict—not a mere ambiguity—exists between the oral pronouncement and the written judgment.

And, where there is a conflict, the oral pronouncement controls. *Mireles*, 471 F.3d at 557-58. This makes sense because the pronouncement requirement is designed to ensure that an individual is not deprived of his "constitutional right to be effectively present" and to "receive sufficient notice" of a special condition that "would be imposed in the written judgment." *Flores*, 664 F. App'x at 397 (cited approvingly by *Diggles*). As our en banc court has stated, "[o]ur caselaw does not generally give the district court that second chance when it fails to pronounce a condition, even though conditions have salutary effects for defendants, victims, and the public." *Diggles,* 957 F.3d at 563. The cure for a conflict is to require the district court to vacate its written judgment and conform it to the oral pronouncement. *Id.*

No. 21-50536
c/w No. 21-50546

Thus, the imposition of Condition 12—which conflicts with the oral pronouncement—is an abuse of discretion. Accordingly, I would vacate Condition 12[3] and remand the case with instructions that the district court conform the written judgment to the oral pronouncement.[4] *Mudd*, 685 F.3d at 480; *Bigelow*, 462 F.3d at 384. I respectfully dissent.

---

[3] Because Pinon-Saldana only challenges Condition 12, I do not discuss whether any of the remaining non-mandatory conditions were pronounced at his sentencing or if their inclusion in the written judgment presents a conflict.

[4] My view is not that Pinon-Saldana would have an opportunity to object to the challenged condition on remand—which the majority argues would be futile under any standard of review—but that the district court must strike the condition to conform the oral pronouncement with the written judgment. *Diggles*, 957 F.3d at 563.