# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40285

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pelayo-Zamarripa,

*Defendants—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-cr-161

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Juan Pelayo-Zamarripa appeals the terms of his supervised release arguing that there is an impermissible conflict between the district court's oral pronouncement and written judgment. Finding no conflict, we AFFIRM.

## I.

Juan Pelayo-Zamarripa was arrested in 2020 for distributing cocaine. A grand jury charged Pelayo-Zamarripa with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and three

No. 22-40285

counts of possession with intent to distribute 500 grams or more of cocaine. Pursuant to a plea agreement, Pelayo-Zamarripa pleaded guilty to one count of conspiring to possess with intent to distribute five kilograms or more of cocaine. The district court accepted Pelayo-Zamarripa's guilty plea.

In the presentence report, the probation officer recommended various mandatory and standard conditions of supervision. The probation officer also recommended a special condition, as Pelayo-Zamarripa was a legal alien permanent resident, but his arrest would have rendered him subject to deportation proceedings. It read:

> You must surrender to U.S. Immigration and Customs Enforcement and follow all of their instructions and reporting requirements until any deportation proceedings are completed. If you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter. If you reenter the United States, you must report to the nearest probation office within 72 hours after you return.

The district court imposed a guidelines sentence of imprisonment for 95 months with three years of supervised release. The court orally adopted the special conditions recommended in the presentence report and orally informed Pelayo-Zamarripa that he must be legally authorized to reenter the country, as is reflected in the written judgment.

The written judgment also included a condition that was not recommended in the presentence report or announced at sentencing. This "work-authorization condition" reads: "You must seek proper

No. 22-40285

documentation from U.S. Immigration and Customs Enforcement authorizing you to work in the United States."

Pelayo-Zamarripa timely appealed, arguing that the work-authorization condition in the written judgment conflicts with the oral pronouncement of his sentence and that the written judgment should be amended to conform to the oral pronouncement. We disagree.

## II.

"When a defendant objects for the first time on appeal, we usually review only for plain error", but not when the defendant had no opportunity to object in the trial court.[1] So, "when a defendant appeals a court's failure to pronounce a condition that later appears in the judgment," the standard of review is abuse of discretion.[2]

"A district court abuses its discretion in imposing a special condition of supervised release if the condition in its written judgment conflicts with the condition as stated during its oral pronouncement." [3] However, if the discrepancy between the two is "merely an ambiguity," then we examine the entire record to determine the sentencing court's intent in imposing the condition. [4]

---

[1] *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020).

[2] *Id.*

[3] *United States v. Flores*, 664 F. App'x 395, 397 (5th Cir. 2016) (unpublished) (per curiam) (citing *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003) (per curiam)).

[4] *Id.*

Although Pelayo-Zamarripa raises this issue for the first time on appeal, there is no indication he was informed of the work-authorization condition at any point before it appeared in the written judgment. We then review for abuse of discretion.

## III.

The district court must orally pronounce a sentence.[5] While at first glance it might seem trivial, "[t]he pronouncement requirement is not a meaningless formality."[6] This Court recently explained that the pronouncement requirement is in service of defendants' right to be present for sentencing that itself springs from the Fifth Amendment's Due Process Clause.[7] At heart, the pronouncement requirement girds a defendant's right to defend themselves.[8]

"Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls."[9] This said, not all unpronounced conditions arise to the level of an actual conflict. When reviewing the discrepancies between an oral pronouncement and a written judgment, "[t]he key determination is whether the discrepancy between the [two] is a conflict or merely an

---

[5] *See Diggles*, 957 F.3d at 556–59.

[6] *Id.* at 560.

[7] *Id.* at 557.

[8] *See id.* at 558.

[9] *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006).

ambiguity that can be resolved by reviewing the rest of the record."[10] In differentiating conflict and ambiguity, we ask whether "the written judgment broadens the restrictions or requirements of supervised release, or impos[es] a more burdensome requirement than that of the oral pronouncement."[11]

Turning to the matter at hand, we find that there is no conflict between the district court's oral pronouncement of Pelayo-Zamarripa's sentence and its written judgment. The work-authorization condition does not broaden the restrictions in Pelayo-Zamarripa's supervised release already in place under the oral pronouncement. The district court stated in open court that Pelayo-Zamarripa must be legally authorized to reenter the country. The district court adopted the presentence report, which stated that "[i]f you are ordered deported from the United States, you must remain outside the United States unless legally authorized to reenter." The written judgment, which required Pelayo-Zamarripa to obtain the proper documentation from ICE in order to work in the United States, only "clarifies that one avenue for legal reentry is work authorization."[12]

This purported "conflict" is then best described as an ambiguity—one that can be resolved by looking to entire record to determine the sentencing court's intent in imposing the condition. The record makes

_____

[10] *Flores*, 664 F. App'x at 398 (citing *Mireles*, 471 F.3d at 558 (5th Cir. 2006)).

[11] *Id.* at 398 (quotations marks and citation omitted).

[12] *United States v. Garcia Miguel*, 829 F. App'x 36, 41 (5th Cir. 2020) (unpublished) (per curiam).

No. 22-40285

sufficient reference to Pelayo-Zamarripa's immigration history to discern the district court's efforts to ensure that Pelayo-Zamarripa complied with the relevant immigration laws. Without a conflict, Pelayo-Zamarripa's appeal must fail.

\* \* \* \*

The judgment of the district court is AFFIRMED.