# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50587
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Manuel De Jesus Orozco-Rangel,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-2189-1

_____

Before Jones, Smith, and Ho, *Circuit Judges*.

Per Curiam:[*]

Manuel Orozco-Rangel pleaded guilty of illegal re-entry. The district court sentenced him to 57 months of imprisonment with three years of supervised release ("SR"). Orozco-Rangel appeals only his sentence, averring that there is a conflict between the district judge's oral pronouncement of the sentence and the written judgment with respect to the terms of his SR and that the written judgment contains a clerical error with respect to the offense

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50587

of conviction.

We agree with Orozco-Rangel on both issues. The oral pronouncement conflicted with the written judgment, and the written judgment failed to identify the offense of conviction with sufficient specificity. Therefore, we remand for the district court to amend the written judgment to conform to the oral pronouncement and to correct the clerical error to reflect accurately the statutory penalty provision.

I.

Orozco-Rangel was apprehended in Texas after having been deported. He stipulated that he had voluntarily reentered without permission to reapply for admission and pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(1) and (2).

The oral pronouncement stated that "[t]he standard and mandatory conditions of supervision are imposed." Both parties agree that that statement referred to the Western District of Texas's standing order regarding the conditions of SR.[1] That standing order states, *inter alia*,

> The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of *the probation officer*.
>
> . . . .
>
> If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges

---

[1] https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Conditions-of-Probation-and-Supervised-Release.pdf.

or open additional lines of credit without the approval of *the probation officer*, unless the defendant is in compliance with the payment schedule.

*Id.* at 3 (emphasis added). The written judgment, however, substitutes "court" for "probation officer," stating,

> The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of *the court*.
>
> . . . .
>
> If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of *the court*, unless the defendant is in compliance with the payment schedule.

The written judgment also failed to specify which subsection of § 1326 Orozco-Rangel pleaded to. Aggrieved by those errors, Orozco-Rangel appealed timely, averring that (1) because there is a conflict between the district judge's oral pronouncement and the written judgment, the oral pronouncement controls; and (2) the written judgment contained a clerical error with respect to the offense of conviction that must be corrected.

## II.

We address first Orozco-Rangel's contention that there is a conflict between the oral pronouncement and the written judgment. "When a defendant appeals a court's failure to pronounce a condition that later appears in the judgment, the standard of review is abuse of discretion." *United States v. Pelayo-Zamarripa*, 81 F.4th 456, 459 (5th Cir. 2023) (internal quotation marks

and citation omitted).

Where there are discrepancies between the oral pronouncement and the written judgment, the pertinent question "is whether [any] discrepancy between the oral pronouncement and the written judgment is [an actual] conflict or merely an ambiguity that can be resolved by reviewing the rest of the record." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (citation omitted). A conflict occurs "[i]f the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement," *id.*, or imposes more burdensome conditions, *see United States v. Bigelow*, 462 F.3d 378, 383–84 (5th Cir. 2006). There is no conflict, however, if there is "no material difference between the oral pronouncement and the written judgment." *United States v. Perez-Espinoza*, 31 F.4th 988, 989 (5th Cir. 2022).

Where an actual conflict exists, the oral pronouncement of sentence controls, and "the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *Mireles*, 471 F.3d at 557–88 (citation omitted).

The government concedes, as it must, that there was a discrepancy between the oral pronouncement and the written judgment concerning the conditions of SR. The oral pronouncement incorporated by reference the Western District's standing order and required Orozco-Rangel to obtain permission from a probation officer before communicating with a known convicted felon or opening a new line of credit. The written judgment, however, required Orozco-Rangel to obtain permission from the court before doing either of those things. Therefore, there was indisputably a "discrepancy between the oral pronouncement and the written judgment." *Mireles*, 471 F.3d at 558.

The government avers that that discrepancy was not an actual conflict requiring remand because there is substantively no difference between nam-

ing the court as the relevant party, as distinguished from the probation officer, as the court has the ultimate authority over the conditions of SR. But requiring Orozco-Rangel to go directly to the court for the required permissions, rather than using a probation officer as an intermediary, "impos[es] a more burdensome requirement." *Bigelow*, 462 F.3d at 383. The written judgment requires Orozco-Rangel, during the three years of SR, to draft and file a motion with the district court (and pay the associated fees) every time he wants to communicate with a felon or open a new line of credit. The oral pronouncement, in contrast, only required him to contact his probation officer, a more informal process. Therefore, "the written judgment conflicts with the oral pronouncement by imposing a more burdensome requirement," and "the [written] judgement's requir[ement] . . . must be conformed to" the oral pronouncement. *Id.* at 383–84.

## III.

We address next Orozco-Rangel's contention that the written judgment contained a clerical error with respect to the offense of conviction. The written judgment failed to specify the precise sections in 8 U.S.C. § 1326 of which Orozco-Rangel was convicted. The court cited only § 1326 generally and did not specify that Orozco-Rangel pleaded to and was convicted of unlawful reentry under § 1326(a) and (b)(1) and (2). Contrary to the government's assertions, our court has repeatedly remanded for the limited purpose of specifying the precise sections or subsections of conviction.[2] We follow

---

[2] *See, e.g.*, *United States v. Huerta-Rodriguez*, 64 F.4th 270, 272–73 (5th Cir. 2023) ("Huerta was properly sentenced under § 1326(b)(2). However, because the judgment below lists only the generic illegal-reentry statute rather than the precise provision under which Huerta was sentenced, we REFORM the judgment to reflect that Huerta was sentenced under § 1326(b)(2) and AFFIRM the judgment as reformed."); *United States v. De La Cruz-Arias*, No. 22-11134, 2023 U.S. App. LEXIS 19673, at *1-2 (5th Cir. July 31, 2023) (per curiam) (unpublished) ("The record reflects a clerical error in the written

No. 23-50587

the lead of those prior panels and remand for the district court to correct the judgment by specifying the exact section of conviction.[3]

\* \* \* \* \*

For the reasons explained, we REMAND for the district court to amend the written judgment to conform to the oral pronouncement and to correct the clerical error so that the written judgment accurately reflects the specific statutory provision of which Orozco-Rangel was convicted.

_____

judgment; though the judgment identifies the statute of conviction as 8 U.S.C. § 1326(a), the record indicates that De La Cruz-Arias was convicted and sentenced pursuant to § 1326(a) and (b)(1).").

[3] The government avers that plain-error review applies because Orozco-Rangel could have asked the district court to correct the error under Federal Rule of Criminal Procedure 36. But we "ha[ve] previously reviewed clerical errors for the first time on appeal without resolving the standard of review." *United States v. Podio*, 672 F. App'x 487, 488 (5th Cir. 2017) (per curiam) (collecting cases). Indeed, in *United States v. Cooper*, the case the government relies on to support application of plain-error review, we remanded for correction of a clerical error without applying a particular standard of review even though we reviewed one of the defendant's merits contentions for plain error. *See* 979 F.3d 1084, 1089–90 (5th Cir. 2020).

The day may come where a case requires us to resolve definitively and explicitly whether plain-error review applies where a defendant raises a clerical error on appeal that could have been raised before the district court via a Rule 36 motion. For now, however, we follow what is implicit in several published opinions and explicit in numerous unpublished ones, and remand for correction of the clerical error without articulating a particular standard of review.