# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40166

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jaylen Anthony Gonzales,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-598-1

———————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jaylen Anthony Gonzales appeals his sentence following violations of his terms of probation.  Namely, Gonzales contends that there is a conflict between the written judgment and the oral pronouncement of his sentence.  The Government concedes that such a conflict exists, and that Gonzales's sentence ought to be vacated in part and remanded for amendment of the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40166

written judgment.  Having carefully reviewed the parties' arguments and the record, we agree.

I

On November 29, 2023, Defendant-Appellant Jaylen Gonzales was charged with two counts of transportation of an undocumented alien.  Gonzales, after entering into a plea agreement with the United States, pleaded guilty to count one of the indictment and was sentenced to two years of probation.  His probation began on May 1, 2024.  On March 11, 2025, the district court issued an arrest warrant for Gonzales, alleging that he had violated terms of his probation.  At his revocation hearing,  Gonzales pleaded true to the allegations of violations of his probation and was sentenced to 31 days in prison to be followed by twelve months of supervised release.  The district court explained that during his supervised release period, Gonzales was to report to his probation officer, enter an in-patient drug treatment facility for up to 180 days, and participate in an out-patient drug treatment program for as long as needed.  At the revocation hearing, Gonzales's probation officer requested the reimposition of conditions requiring him to attend a mental health treatment program, follow the rules of the program, and take any prescribed medications.  The district court granted the request.

The district court did not orally pronounce any additional terms of supervised release.  However, the written judgment includes four mandatory conditions and fifteen standard conditions of supervision.  Gonzales filed a timely notice of appeal.  On appeal, Gonzales argues there is a conflict between the district court's oral pronouncement of sentence and the written judgment.

II

We review conditions of supervised release imposed on criminal defendants for abuse of discretion, if a defendant did not have the opportunity

to challenge those conditions in the district court. *See United States v. Martinez*, 987 F.3d 432, 434–35 (5th Cir. 2021) (reviewing for abuse of discretion where the defendant had no opportunity to object). Here, "the alleged error appears for the first time in the written judgment, such that [Gonzales] did not have the opportunity to object in the district court." *United States v. Baez-Adriano*, 74 F.4th 292, 298 (5th Cir. 2023). Further, the parties correctly agree that the appropriate standard of review is for abuse of discretion. We proceed accordingly.

## III

Because defendants have a constitutional right to be present at sentencing, a district court must pronounce any discretionary conditions of supervision that are not mandated by statute when imposing a sentence. *See United States v. Diggles*, 957 F.3d 551, 556–58 (5th Cir. 2020) (en banc). "Where there is an actual conflict between the district court's oral pronouncement of sentence and the written judgment, the oral pronouncement controls." *United States v. Pelayo-Zamarripa*, 81 F.4th 456, 459 & n.9 (5th Cir. 2023) (citing *United States v. Mireles*, 471 F.3d 551, 557 (5th Cir. 2006)). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists[,]" in which case the judgment should be amended to conform to the pronouncement. *Mireles*, 471 F.3d at 557–58; *see also Pelayo-Zamarripa*, 81 F.4th at 459 (applying the same test post-*Diggles*).

Mandatory conditions of supervision need not be pronounced because their imposition is required by 18 U.S.C. § 3583(d). However, the district court must orally pronounce discretionary conditions, whether standard or special. *Diggles*, 957 F.3d at 558–59. The requirement of oral pronouncement can be satisfied where the district court orally adopts a document—such as the presentence report ("PSR")—listing the supervised release conditions,

No. 25-40166

and the defendant had an opportunity to review and object to the document prior to sentencing. *Id.* at 559 & n.5. The oral adoption of "court-wide or judge-specific standing orders that list conditions" is also permissible. *Id.* at 561. The mere existence of such a document is not sufficient for pronouncement; the district court must explicitly adopt the list of conditions. *United States v. Martinez*, 47 F. 4th 365, 367 (5th Cir. 2022). These standards apply equally where, as here, a sentence has been imposed upon the revocation of a term of supervised release. *United States v. Fraga*, No. 23-40248, 2024 WL 111388, 1 (5th Cir. Jan. 10, 2024) (unpublished).[1]

IV

The fifteen standard conditions of supervision included in Gonzales's written judgment generally are included on the judgment template, form AO 245B, or in the Southern District of Texas standing order No. 2017-01. Moreover, reference to the standard conditions of supervision in General Order No. 2017-01 was included in the appendix to the PSR and the sentencing recommendation accompanying Gonzales's underlying conviction. Gonzales notes that the record does not include a sentencing options worksheet in which the probation officer might have recommended the standard conditions of supervision. Even if a worksheet had been included in the record, the district court did not reference such a document.

As Gonzales argues, and the Government concedes, the district court did not refer to or adopt the PSR, court-wide orders, judge-specific orders, or any other documents when imposing the sentence, and did not address any of the standard conditions of supervision listed in the judgment of revocation.

---

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

4

No. 25-40166

Because the district court did not orally pronounce the standard conditions of supervision, and Conditions 3 through 15 broaden the restrictions and requirements of the conditions pronounced during the sentencing hearing, a conflict exists. *See Mireles*, 471 F.3d at 557–58. Accordingly, standard conditions 3 through 15 must be stricken. *See Martinez*, 47 F. 4th at 368; *see also Fraga*, 2024 WL 111388 at *1 (reaching same conclusion regarding discretionary supervised release conditions that were not orally pronounced).

Gonzales asserts that Condition 10 need not be stricken in its entirety because it is partially consistent with the mandatory condition prohibiting the commission of a new federal, state, or local offense. Pursuant to 18 U.S.C. § 922(g), persons previously convicted of a felony are prohibited from possessing firearms, ammunition, or destructive devices. *See Fraga*, 2024 WL 111388, at 1. Mandatory conditions need not be pronounced, and Condition 10, which provides that Gonzales must "not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)[,]" can be reformed into a mandatory condition by simply striking the language referencing other dangerous weapons, as our court concluded in *Fraga*, 2024 WL 111388, at *1. *See also United States v. Goins*, No. 24-20187, 2025 WL 48408, at *1 (5th Cir. Jan. 8, 2025) (citing *Fraga* and reaching same conclusion as to identical condition) (unpublished).

Our court is authorized by 28 U.S.C. § 2106 "to either reform a judgment or remand the case for the district court to do so." *United States v. Fuentes-Rodriguez*, 22 F.4th 504, 506 (5th Cir. 2022). Here, notably, both parties request a remand. Moreover, our court has expressed a preference for vacating and remanding with instructions to amend the judgment. *Fuentes-Rodriguez*, 22 F.4th at 506. In doing so, our court concluded that, "due to the frequent use of district court judgments of conviction by judges,

No. 25-40166

attorneys, and others . . . remanding this case for entry of an amended judgment will reduce the risk of future confusion." *Id.*

## IV

Accordingly, we VACATE IN PART and REMAND to the district court with instructions to amend the written judgment to conform with the orally pronounced conditions of supervised release by removing unpronounced standard Conditions 3 through 9 and 11 through 15, and amending Condition 10 as described above.