# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2026

Lyle W. Cayce
Clerk

———————

No. 25-50838
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY BLAND,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-531-1

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Timothy Bland pleaded guilty to methamphetamine trafficking in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced him to 235 months' imprisonment and five years of supervised release. At sentencing, the court orally limited a special condition requiring residence in a reentry center: the condition would apply only if Bland lacks sufficient

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50838

housing upon release. But the written judgment omitted that limitation and required reentry-center placement for up to 120 days without qualification.

That matters. When an oral sentence conflicts with the written judgment, the oral pronouncement controls. The Government concedes the conflict and moves, without opposition, to remand. We GRANT the motion, VACATE the challenged special condition as written, and REMAND with instructions to conform the written judgment to the oral pronouncement.[1]

I

Bland's presentence report (PSR) recommended, as one of many special conditions of supervised release, that he "shall reside in a residential reentry center for a term of up to 120 days." At sentencing, defense counsel requested that the district court modify this reentry-center condition to apply only "if deemed necessary by probation," because Bland might have "a suitable residence available" upon release. The district court agreed, and pronounced a modified special condition:

> The defendant shall reside in a residential re-entry center for a term of up to 120 days *if* deemed appropriate and needed or warranted at the time he is released from confinement. The defendant shall follow the rules and regulations of the center *if* he is to serve or *if* he is to stay or reside in a center. This condition shall *only apply if* the defendant does not have an appropriate residence upon release from confinement.

The written judgment, however, contained the PSR's original, unmodified language, requiring that "[t]he defendant *shall* reside in a residential reentry center for a term of up to 120 days." Because this

---

[1] We DENY as moot the Government's alternative request to extend the briefing deadline.

2

condition omitted the qualification that the district court announced at sentencing, Bland appealed.[2] The Government conceded the error in its unopposed motion to remand.

## II

Plain-error review ordinarily applies when a party raises an issue for the first time on appeal. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). But we review for abuse of discretion when the issue concerns a supervised-release condition imposed for the first time in the written judgment, leaving the defendant "no opportunity . . . to consider, comment on, or object to the . . . condition[]." *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006). "A district court abuses its discretion in imposing a . . . condition of supervised release if the condition in its written judgment conflicts with the condition as stated during its oral pronouncement." *United States v. Pelayo-Zamarripa*, 81 F.4th 456, 459 (5th Cir. 2023) (quotation omitted). That rule follows from a basic constitutional guarantee: a defendant has the right to be present when the court pronounces his sentence. *Diggles*, 957 F.3d at 557.

Given this constitutional right, "[i]f the written judgment conflicts with the sentence pronounced . . . , th[e] pronouncement controls." *Bigelow*, 462 F.3d at 381 (emphasis omitted). When "the discrepancy between the two is merely an ambiguity, we examine the entire record to determine the sentencing court's intent in imposing the condition." *United States v. Flores*, 664 F. App'x 395, 398 (5th Cir. 2016) (per curiam) (citing *United States v.*

---

[2] Because the discrepancy appears to be a clerical error, we note that the district court may have had a more efficient way to correct it. *See* FED. R. CRIM. P. 36 ("[T]he court may at any time correct a clerical error in a judgment[.]"); *see also* FED. R. CRIM. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.").

*Warden*, 291 F.3d 363, 365 (5th Cir. 2002)). But when the written judgment "impos[es] a more burdensome requirement" than the oral pronouncement, the discrepancy is a conflict, not an ambiguity. *Bigelow*, 462 F.3d at 383–84. The remedy is to vacate the challenged condition from the written judgment and remand with instructions to conform it to the oral pronouncement. *Id.* at 384; *see also United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).

## III

Bland argues—and the Government agrees—that the written judgment conflicts with the special condition pronounced at sentencing and must be corrected on remand. We agree.

At sentencing, the district court expressly modified the PSR's reentry-center condition at defense counsel's request, then read the revised condition into the record. As orally pronounced, Bland must reside in a residential reentry center for up to 120 days only "if deemed appropriate and needed or warranted at the time he is released from confinement" and only "if [he] does not have an appropriate residence upon release." The written judgment omits those limits. It requires that Bland must reside in a residential reentry center for up to 120 days—period.

This discrepancy is a conflict, not an ambiguity. The written judgment eliminates Bland's ability to avoid reentry-center placement by securing appropriate housing before his release. That is precisely the sort of discrepancy we have held to be a conflict: a written judgment that "broadens the restrictions or requirements of supervised release" or "imposes a more burdensome requirement" than the oral pronouncement. *Flores*, 664 F. App'x at 398 (citations and alterations omitted); *see also Mudd*, 685 F.3d at 480 (finding a conflict where the oral pronouncement allowed substance-abuse treatment in lieu of testing but the written judgment required testing); *Bigelow*, 462 F.3d at 383–84 (finding a conflict where the

No. 25-50838

oral pronouncement merely required notification to the probation officer of new identification documents but the written judgment required prior approval). Because the discrepancy here is a conflict rather than an ambiguity, the oral pronouncement controls, and we need not examine the record to discern the district court's intent. *See Flores*, 664 F. App'x at 399 (citing *Warden*, 291 F.3d at 365).

## IV

For these reasons, we GRANT the Government's unopposed motion to remand, VACATE the special condition as it appears in the written judgment, and REMAND with instructions to conform the written judgment to the oral pronouncement.